PENNINGTON & EVANS, PARTNERS, *Plaintiffs in Error*, v. ILLINOIS STEEL COMPANY, A CORPORATION, *Defendant in Error*.

1. Where an order for goods is severable or is afterwards treated by the parties as severable, and the purchaser fails to take and pay for a severable portion of the goods delivered in accordance with a special agreement, he may be liable in damages for the loss to the vendor proximately resulting from the vendees default.

2. Where a purchaser of goods fails to take and pay for them as agreed, and after considerable delay in taking and paying for the goods, he makes no response to a telegraphic notice from the vendor that the goods will be otherwise disposed of if not paid for that day, the notice is reasonably sufficient.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Paul Carter,* for Plaintiffs in Error;

*C. L. Wilson,* for Defendant in Error.

WHITFIELD, C. J.—The Illinois Steel Company, as plaintiff alleges in substances that on March 13th, 1909, Pennington & Evans in writing ordered from the plaintiff a car load of railroad spikes at the price of $2.12 per hundred pounds, F. O. B. at Marianna, Florida; that on March 16th, the plaintiff acknowledged the receipt of this order to the defendants, and set out in writing the terms upon which the plaintiff would sell defendants the said spikes, viz: "$2.12, per hundred pounds delivered F. O. B. cars at Marianna Florida, cash against demand draft, bill of lading attached payable upon presentation any time after shipment in New York or Chicago Exchange," and at same time, in said written acknowledgment of the said order by plaintiff asked defendants to advise it immediately by telegraph if the terms were not satisfactory; that the defendants did not offer any suggestion as to the term being unsatisfactory, and in response to and in compliance with the said written order of the defendants and the said written acknowledgment thereof, the plaintiff, then and there sold and shipped to the said defendants the said railroad spikes of the kind and price described in the said written order.; that said shipment of spikes duly arrived at Marianna, Florida, and defendants were notified thereof, and the said demand draft with bill of lading atached was presented to defendants for payment,

but they refused to pay the same after the arrival of the spikes, and refused to accept the spikes and pay for same, but on April 3rd, 1909, the day the spikes arrived at Marianna, the defendants wrote the plaintiff and asked plaintiff to allow two per cent. off for cash, or thirty days time for payment, but the plaintiff refused this and the car of spikes remained at Marianna until the 30th of April 1909, waiting for defendants to pay the draft, but defendants failed to do so; but on April 26th, 1909, the defendants in writing stated to plaintiff that they could not use the spikes for some time and were not in a position to take up the bill of lading, and they offered then and there to give the plaintiff their sixty or ninety day note, with eight per cent interest, to pay for the spikes, at the same time advising plaintiff that unless it would take their notes they were not then in a position to take up the bill and unload the spikes; that upon receipt of this information from defendants, the plaintiff immediately wired the defendant "unless draft for spikes paid today and we hear from you to this effect before noon will arrange other disposition and have car- reforwarded. Answer: "Which telegram was received by the defendants before noon of April 30th, 1909, but they did not answer as requested, nor pay the draft for the spikes, and by reason of the refusal of the said defendants to accept and pay for the said spikes the plaintiff was forced to pay demurrage charges on the car to ship the goods to another point and to sell the spikes at a loss though the best market price at the time was obtained. Damages for such losses were claimed. The defendant demurrer to the declaration on the grounds that it is vague and indefinite and states no cause of action; that no contract was made; that no notice of the re-sale was given and that a reasonable notice of the re-sale was not given.

This demurrer being overruled and the defendants declining to plead, a default and final judgment thereon were rendered, and the defendants on writ of error contend that error was committed in overruling the demurrer to the declaration.

The contention here is that the order for the spikes contained also an order for 350 rail braces, and as only the spikes were shipped the contract has not been performed as made and action on the contract does not lie. In ordering the spikes the price was stated and this price was confirmed in the written acceptance of the order. The order for the braces was: "also ship us with this shipment about 350 rail braces, to be used for bracing rail around stiff curves." No price was stated, and no reference to the braces was made in the subsequent transactions between the parties. If the order for spikes was not at first severable from that for braces, it was so treated afterwards by the parties, and the subsequent contract relation for spikes was severable from the original order for braces, as to which latter the price or terms of payment were not mentioned.

The only other contentions that notice or reasonable notice of the resale was not given to the defendants are not tenable in view of the allegations and exhibits showing the transactions between the parties, and the telegraphic notice after much delay in paying the draft, that if the draft was not paid that day the plaintiff would "arrange other disposition and have car re-forwarded. Answer." The defendants had not complied with the contract accepted by them and their liability for the breach is made to appear.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.